IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DIVISION OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| BABY BUDDIES, INC., a Florida Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>TOYS "R" US, INC., a Delaware Corporation, TOYS "R" US-DELAWARE, INC., a Delaware Corporation, and GEOFFREY, INC., a Delaware Corporation,<br><br>        Defendants, | Case No.: 8:03-CV-1377-T-17-MSS |

## JOINT REPORT TO THE COURT REGARDING TRIAL STATUS AND JOINT MOTIONS FOR CERTIFICATION PURSUANT TO FED. R. CIV. P. 54(b) AND TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL

Plaintiff BABY BUDDIES, INC. ("Baby Buddies"), and Defendants TOYS "R" US, INC., TOYS "R" US-DELAWARE, INC. and GEOFFREY, INC. (collectively hereinafter referred to as "TRU"), by and through their respective undersigned counsel, report to this Court regarding trial status as directed by this Court's October 3, 2008 Order (Doc. 86) and, further, the parties jointly move this Court to direct the entry of judgment as to Counts I and II pursuant to Fed. R. Civ. P. 54(b) and stay further proceedings in this Court including the making of a Rule 54(d) motion by TRU as the prevailing party for its attorney's fees, costs and expenses relating to the copyright claims in Count I pursuant to 17 U.S.C. § 505, pending resolution of the resulting interlocutory appeal, all for the reasons set forth in the following Report and Memorandum of Law.

## REPORT

On October 3, 2008, this Court entered partial summary judgment in favor of TRU on Counts I & II of Baby Buddies' Complaint. (Doc. 85). Simultaneously, this Court instructed the parties to confer and report to this Court as to the estimated time for trial of the remaining Count III of Baby Buddies' Complaint and the possibility of consent to trial by magistrate judge.

In accordance with this Court's directive, the parties have conferred and consulted at length regarding the status of the current proceedings. As a result of these consultations, the parties have concluded that proceeding to trial on Count III is not the most expedient and efficient manner in which to bring these proceedings to a prompt resolution.

For example, the parties believe that many of the facts to be educed during a trial in Count III would be identical to the proof required to try Counts I & II should a subsequent appeal of this Court's Partial Summary Judgment ruling result in a reversal and remand. Further, Baby Buddies has concluded that it does not wish to pursue its claim for common law unfair competition under Count III if it is finally barred from proceeding to trial on its claims for copyright infringement and violation of Fla. Stat. §817.41. Therefore, as more fully set forth below, the parties believe that this case can be most efficiently and promptly resolved by the entry of Final Judgment as to Counts I & II in accordance with this Court's grant of partial summary judgment so as to permit an immediate, interlocutory appeal.

If the resulting appeal leads to an affirmance, Baby Buddies hereby stipulates to the voluntary dismissal of Count III with prejudice; thus obviating the need for trial as to Count III. If the appeal results in a reversal and remand for a trial, the potential of duplicative trials is avoided; only one trial would be required. To facilitate this efficient and expeditious approach, the parties join in their request below to stay proceedings as to the remaining Count III pending

the resulting interlocutory appeal. In this way, the Court's docket will not be unnecessarily

burdened.

## MEMORANDUM OF LAW

### The Parties Request Entry of Final Judgment as to Counts I & II Pursuant to Fed. R. Civ. P. 54(b) so as to Facilitate an Immediate, Interlocutory Appeal.

Rule 54(a), Fed. R. Civ. P., defines "Judgment" as follows:

**(a) Definition: Form.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A Judgment shall not contain a recital of the pleadings, the report of a master, or the record of prior proceeding.

Accordingly, a "Judgment" may be properly entered only if it gives rise to appellate

rights. *See* 10 C.A. Wright, A.R. Miller & M.K. Kane, *Federal Practice and Procedure* §2651

(Civil 3d ed. 2008) ("Even though denominated a "judgment," a nonappealable partial or

interlocutory summary judgment under Rule 56 does not qualify as a judgment under Rule

54(a)").

As the Court's October 3, 2008 Order granting partial summary judgment in favor of

Defendants on Counts I & II did not dispose of all the claims, the entry of judgment is controlled

by Fed. R. Civ. P. 54(b), which provides as follows:

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the Court may direct the entry of a Final Judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Under Rule 54(b), when multiple claims are involved, a judgment as to fewer than all the claims may only be entered if the court makes "an express determination that there is no just reason for delay . . .".

In the instant case, the parties agree that a Final Judgment should be entered in favor of Defendants as to Counts I & II. Clearly, Baby Buddies' claim for copyright infringement under Count I is the core claim in these proceedings. By entering Final Judgment pursuant to Counts I & II pursuant to Fed. R. Civ. P. 54(b), the Court will permit Baby Buddies to appeal the adverse determination as to its core claim. If unsuccessful, Baby Buddies has agreed to the voluntary dismissal with prejudice of Count III, thereby obviating the need for a jury trial. If successful on appeal, only a single trial will be required as to the remanded case.[1]

Certification of this ruling under Rule 54(b) is warranted in this case. Indeed, there can be little doubt that "there is no just reason for delay ...". In assessing the propriety of certification under Rule 54(b), the Supreme Court has observed:

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved.

*Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 1465, 64 L.Ed 2d 1 (1980). Further, the *Curtiss-Wright, Corp.* Court stated:

> It was therefore proper for the District Judge to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.*

As previously discussed, certification under Rule 54(b) so as to allow for an immediate, interlocutory appeal will serve judicial administrative interests as well as the equities for all

parties. By permitting the immediate appeal of the core claim, it may be possible to avoid the need for any jury trial and, in all events, will guard against the risk of duplicative jury trials. In addition, Count I involves a federal copyright claim and Count II a state statutory claim. Both are legally distinct from the common law unfair competition claim in Count III. As a result, there is no risk that an appellate court would need to decide the same issues again, even if there is a subsequent appeal.

Moreover, the extended pendency of this litigation militates in favor of this Court's determination that "there is no just reason for delay." To force the parties to conduct a jury trial on Count III before seeking appellate review of the core claim would be particularly inequitable under the circumstances.

### The Parties Jointly Request That This Court Stay Further Proceedings As to Count III Pending Resolution of Interlocutory Appeal

Under the proposed approach, the parties seek to avoid the unnecessary trial by jury of Count III by itself. If the proposed interlocutory appeal results in an affirmance, Baby Buddies hereby stipulates to the voluntary dismissal with prejudice of Count III upon issuance of the Mandate from the Eleventh Circuit. Conversely, if the appeal results in a reversal and remand for trial of Counts I and/or II, there will only be the need for a single, unified trial. In either event, the unnecessary use of the Court's resources as well as the resources of the parties will be avoided.

To fully facilitate this efficient, expeditious approach to the resolution of this action, the parties jointly request that this Court stay further proceedings as to Count III pending the issuance of Mandate from the proposed interlocutory appeal as well as stay the Rule 54(d)(1) and (2) requirement that TRU file a motion for costs, expenses and attorney's fees as the prevailing

---

[1]     Of course, there always remains a possibility of settlement in the event of a successful appeal and remand.

party on the copyright claim under 17 U.S.C. § 505. If the appeal results in an affirmance of summary judgment on Count I, TRU will move the Court pursuant to Rule 54(d) for its costs, attorney's fees and expenses after the Court sets a new date for filing of the motion pursuant to subdivision (d)(2)(B). A stay of Rule 54(d) will obviate the need for the parties to engage in motion practice in respect of costs, expenses and attorney's fees which may become moot in the event the Court's decision in respect of Count 1 is reversed and remanded for trial. Such a stay will be for the benefit of both the Court and the parties and will, in no way, unduly delay the ultimate resolution of this action.

/s/ Frank R. Jakes
Frank R. Jakes, FBN 0372226
frankj@jpfirm.com
Joseph J. Weissman, FBN 0041424
josephw@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP.
P.O. Box 1100
Tampa, FL 33601-1100
Phone: (813) 225-2500;
Facsimile: (813) 223-7118

Counsel for Plaintiff

/s/ Robert S. Weisbein
Robert S. Weisbein
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 338-3528
rweisbein@foley.com

/s/ Charles F. Ketchey
Charles F. Ketchey, FBN 0181735
cketchey@trenam.com
TRENAM KEMKER
P.O. Box 1102
Tampa, FL 33601
Phone: (813) 223-7474
Facsimile: (813) 229-6553
(Local Counsel)

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2008 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Charles F. Ketchey, Jr., Trenam Kemker, P.O. Box 1102, Tampa, Florida 33601, and that a copy of the foregoing document was mailed by first-class mail to the following non-CM/ECF participants:

Robert Weisbein, Esq.
FOLEY & LARDNER, LLP
90 Park Avenue
New York, New York 10016

/s/  Frank R. Jakes
Frank R. Jakes          FBN 0372226
Joseph J. Weissman    FBN 0041424
JOHNSON, POPE, BOKOR, RUPPEL
     & BURNS, LLP.
P.O. Box 1100
Tampa, FL  33601-1100
Phone:  (813) 225-2500;
Facsimile:  (813) 223-7118
Counsel for Plaintiff

#123043