UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BABY BUDDIES, INC.,
etc.,

       Plaintiff,

v.                        CASE NO.  8:03-CV-1377-T-17MAP

TOYS "R" US, INC.,
etc., et al.,

       Defendants.

_____/

ORDER

This cause is before the Court on:

   Dkt.  122 Report and Recommendation
   Dkt.  123 Objection
   Dkt.  124 Declaration
   Dkt.  128 Memorandum

In the Report and Recommendation, it is recommended that Defendants' Motion for Attorney's Fees (Dkt. 115) be granted in part, and Defendants be awarded attorney's fees in the amount of $604,347.98.  This includes attorney's fees for the litigation and the appeal.

The Court granted summary judgment in favor of Defendants on Count I (copyright infringement) and Count II (misleading advertising).  The Eleventh Circuit Court of Appeals affirmed (Dkt. 100), concluding that no reasonable juror could find substantial similarity between the Baby Buddies pacifier holder and the Toys "R" Us ("TRU") pacifier holder, and Baby Buddies could not succeed on the misleading advertising claim.  Count III (common law unfair competition) has been dismissed with prejudice (Dkt. 103).

Case No. 8:03-CV-1377-T-17MAP

Defendants seek the award of attorney's fees as the prevailing party, pursuant to 17 U.S.C. Sec. 505 and Ch. 817.41, <u>Florida</u> <u>Statutes</u>, which afford the Court discretion to award a prevailing party attorney's fees.  A trial court "should not consider whether the losing party can afford to pay the fees, but whether imposition of fees will further the goals of the Copyright Act." <u>MiTek Holdings, Inc. v. Arce Engineering Co., Inc.</u>, 198 F.3d 840, 842 (11th Cir.1999) (quoting <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 526-27 (1994)).  The imposition of fees and costs should encourage "the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible in order to maximize the public exposure to valuable works." <u>Id</u>.

The Eleventh Circuit has emphasized that the "only preconditions to an award of fees is that the party receiving the fee be the prevailing party and that the fee be reasonable." <u>MiTek Holdings</u>, 198 F.3d at 842 (citations omitted).  The Supreme Court has enumerated four non-exclusive factors under § 505 analysis: (1) frivolousness; (2) motivation (3) objective unreasonableness (both in factual and legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence.  See <u>Fogerty</u>, 510 U.S. at 534.

I. Standard of Review

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." <u>Macort v. Prem, Inc.</u>, 208 Fed.Appx. 781, 783 (11th Cir.2006). "It is critical that the objection be sufficiently

2

Case No. 8:03-CV-1377-T-17MAP

specific and not a general objection to the report." Id. at 784 (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir.1984)). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir.2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); accord Local Rule 6.02.

II. Objections

    Plaintiff objects to the following findings in the Report and Recommendation:

1. The action was frivolous and objectively unreasonable;

2. That Baby Buddies had improper motives of bringing the action;

3. That considerations of compensation to deterrence is warranted under 17 U.S.C. Sec. 505;

4. That other factors justified the award of attorney's fees under 17 U.S.C. Sec. 505;

5. That a balancing of the factors under Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) mandates an award of fees.

    Plaintiff argues that the findings and conclusions to which Plaintiff objects result from: 1) "hindsight" perspective for evaluation of frivolousness and objective unreasonableness; 2) lack of evidentiary support in the record for certain propositions which are then supplanted with surmise and conjecture; 3) a failure to adequately address Plaintiff's evidence and argument in response to the request for attorney's fees.

Case No. 8:03-CV-1377-T-17MAP

Plaintiff requests de novo review, an evidentiary hearing, and a rejection of the recommendation that fees are appropriate under the facts of this case.

III. Response to Objections

Defendants argue that Plaintiff has not raised "proper objections," in that Plaintiff recites arguments previously made or only offers generalized, across the board assertions unsupported by any legal authority, and which are insufficient to trigger review by this Court. Defendants argue that an evidentiary hearing on the issue of intent would only serve to prolong an unnecessarily protracted and ill-founded litigation. "A request for attorney's fees should not result in a second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)(quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Defendants further argue that Plaintiff does not specifically object to the calculation of the amount of attorney's fees.

IV. Discussion

Aside from the reasonableness of the amount of attorney's fees recommended, Plaintiff has objected to each necessary finding and conclusion of the  Report and Recommendation; in other words, Plaintiff has objected to almost the entire Report and Recommendation.   On their face, Plaintiff's objections specifically identify the portions of the Report and state a basis for the objection.  Given the scope of Plaintiff's objections, Plaintiff's objections could be considered not to be "proper objections."  In an abundance of caution, the Court will review the findings and conclusions to which Plaintiff has objected de novo.

The Court has independently reviewed the pleadings and the entire record, and has considered the Objections and Response.

4

Case No. 8:03-CV-1377-T-17MAP

A. Frivolous and Objectively Unreasonable

In determining whether a case is frivolous, the Court considers: 1) whether plaintiff established a prima facie case; 2) whether defendant offered to settle; 3) whether the court dismissed the case prior to trial or held a full-blown trial on the merits. Bruce v. City of Gainesville, Ga., 177 F.3d 949 (11th Cir. 1999). The determination of whether a case is frivolous, for the purpose of the award of attorney's fees, is made on a case by case basis. To prove copyright infringement, a plaintiff must prove two elements: 1) ownership of a valid copyright: and 2) copying of constituent elements of the work that are original." In this case, the second element is the problem. To the extent that Plaintiff owns a valid copyright, this case is not frivolous. However, copyright law is settled as to the element of "copying of constituent elements of the work that are original" and, for this reason, Plaintiff's pursuit of its copyright infringement claim was objectively unreasonable. The Baby Buddies pacifier holder is not an intricate item.

There was never any pretrial determination of whether Plaintiff established a prima facie case. It is undisputed that Plaintiff obtained copyrights; the issue of invalidity was not adjudicated. The parties completed discovery, and a dispositive motion was filed. In considering the motion, the Court presumed the copyrights to be valid. The Court entered summary judgment for Defendants. Plaintiff pursued an appeal, and the summary judgment was affirmed on appeal. The Court is not aware of any offer by Defendants to settle this case.

Plaintiff argues that Plaintiff instituted and pursued its copyright infringement action based upon an objectively reasonable belief that its copyright in the bear and bow pacifier holder design was infringed.

5

Case No. 8:03-CV-1377-T-17MAP

In the Report and Recommendation, the Magistrate Judge states:

> Irrespective, as the summary judgment order and Eleventh
> Circuit opinion indicate, the only original element of the Baby
> Buddies pacifier holder, and thus the only element worthy of
> copyright protection, was the sculpted bear. All other
> elements Baby Buddies sought to protect on its pacifier
> holder either constitute utilitarian elements (i.e. the ribbon
> tether, clip, and snap) or are simply too generic and
> unoriginal for copyright protection (i.e. the ribbon bow).
> Accordingly, Baby Buddies's pursuit of its claims relating to
> those elements of the pacifier holder were frivolous and
> objectively unreasonable.

Plaintiff contended from the outset that the "total design" was protected. In ruling on the
motion for summary judgment, the Court was required to apply controlling precedents to
analyze Plaintiff's claims.

In the Report and Recommendation, the Magistrate Judge discusses Plaintiff's
first copyright, noting the admission of no access, and evidentiary support for finding
no substantial similarity, and concludes that any infringement claim related to the first
copyright was frivolous, and factually and legally objectively unreasonable. Plaintiff's
Complaint says what it says; Plaintiff sought damages for infringement of its copyrights.
Plaintiff did not qualify the Court's consideration of the first copyright as included only
because the second copyright was for a derivative work.

The Magistrate Judge discusses the second copyright, noting that the Eleventh
Circuit states "there are almost no similarities between the two pacifier holders beyond
the general ideas of including a teddy bear (with the requisite ears, eyes, nose, mouth,
arms, legs), a ribbon bow and a pastel-based color scheme on a baby's pacifier holder."
611 F.3d at 1320. The Magistrate Judge further noted the observation of the Eleventh
Circuit Court of Appeals: "Baby Buddies is trying to invoke the protection of the
copyright laws to prevent a competitor from using the idea of putting a sculpted teddy

Case No. 8:03-CV-1377-T-17MAP

bear and a color-coordinated bow on a ribbon tether to create an aesthetically
appealing pacifier holder....Baby Buddies has the right to prevent others form copying
its creative expression, but not from expressing similar ideas differently." 611 F.3d at
1320-21.  The Eleventh Circuit Court of Appeals affirmed as to the absence of
substantial similarity.  The Magistrate Judge found that Plaintiff's pursuit of copyright
protection for its idea rather than any original expression of that idea was frivolous and
objectively unreasonable in light of well-settled legal precedent.

As to the second copyright, Plaintiff contended that its "total design" was
protected.  As noted by the Eleventh Circuit, what Plaintiff's claim for copyright
protection came down to was protection of an idea, rather than the particular
expression of an idea.

Plaintiff argues that the Report and Recommendation does not address another
indicia of the good faith and objective reasonableness of the Plaintiff's copyright
infringement claim: 1) no dispositive motion was filed immediately, upon service; 2) full
discovery was conducted and a dispositive motion was filed on the last day permitted
by the Scheduling Order.

It is not unusual for a defendant to wait until the conclusion of discovery to seek
entry of summary judgment, even where the dispositive issue in a case can be
determined as a matter of law.   In a copyright case, discovery may be necessary to
resolve preliminary factual issues such as access and copying.

The Court weighs the existence of a prima facie case against a finding of frivolity,
and the absence of any offer to settle and the disposition of this case before a trial in
favor of a finding of frivolity.   The reason this case is objectively unreasonable  is that
Plaintiff has asserted that its total design was infringed; the Court determined that the
protectable element  was the bear, not the total design.  The Eleventh Circuit Court of

7

Case No. 8:03-CV-1377-T-17MAP

Appeals affirmed this finding. It was objectively unreasonable for Plaintiff to pursue the theory that Plaintiff's total design was protected.

After consideration, the Court **overrules** Plaintiff's objection as to this issue.

B. Motivation

Plaintiff admitted that Plaintiff learned of Defendants' alleged infringement in 2000. Plaintiff did not file suit until a year after Defendants  discontinued selling Plaintiff's pacifier holder entirely, eliminating Plaintiff's primary retailer and largest customer. Plaintiff testified as to [Plaintiff's] "business [having] been so greatly affected by the loss of sales from Toys "R" Us that we felt [filing the lawsuit] was the only thing that we could do at that point."   The Magistrate Judge concluded that Plaintiff filed this case as an attempt to eliminate Defendants as a competitor from the pacifier holder marketplace or to receive a settlement as vindication for the loss Plaintiff purportedly suffered after Defendants discontinued selling Plaintiff's pacifier holder and began selling its own competing item.

The Magistrate Judge further noted that, in the Complaint, Plaintiff sought not less than $1,000,000 in punitive damages, in addition to the claim for actual damages, statutory damages, and lost profits. The Magistrate Judge found that the delay provided Plaintiff with the opportunity to increase any damage award sought to include lost profits.

Plaintiff argues that the Magistrate Judge improperly found that Plaintiff's motivation was questionable. Plaintiff argues that the delay in commencing litigation represents only Plaintiff's dependence on Defendants' purchase of its goods for survival.

Case No. 8:03-CV-1377-T-17MAP

Defendants argue that the more plausible explanation for the delay in filing suit is that Plaintiff waited until after Plaintiff extracted as many sales from Defendants as possible within the statutory period, accruing damages for which Plaintiff would seek recovery in litigation.

Once Defendants ceased purchasing from Plaintiff, Plaintiff had nothing to lose, in terms of the business relationship with Defendants.   The delay in commencing suit supports the finding of the Magistrate Judge that commercial gain motivated Plaintiff.

After consideration, the Court **overrules** Plaintiff's objection as to this issue.

C.  Compensation and Deterrence

Plaintiff argues that the Copyright Act is designed to encourage creation, and smaller plaintiffs would be deterred from bringing legitimate claims against larger defendants.

Defendants argue that an award of fees will not deter smaller plaintiffs from bringing legitimate, i.e. objectively reasonable, copyright claims.  Defendants argue that the desire to encourage copyright owners to pursue infringement claims must be balanced against the desire to encourage defendants to mount meritorious defenses to frivolous and unreasonable claims, particularly in the factual circumstances of this case, where a plaintiff is "seeking a windfall payout from a deep-pocket defendant who provides legitimate competition." (Dkt. 122 at 11).

The Court notes that a prevailing defendant's successful defense against a copyright claim aids in establishing the boundaries of infringement and furthers the purpose of "enriching the general public through access to creative works."  Fogerty, 510 U.S. at 527.

9

Case No. 8:03-CV-1377-T-17MAP

After consideration, the Court **overrules** Plaintiff's objection as to this issue.

D. Finding that Defendants Achieved Success

Plaintiff argues that Defendants were not completely successful on Plaintiff's copyright infringement claims because Defendants' counterclaim for copyright invalidity was dismissed without prejudice, and the motion for summary judgment on the counterclaim was dismissed without prejudice.

Defendants argue that the issue of the validity of Plaintiff's copyrights was moot, given the finding of non-infringement, and the denial of the dispositive motion was without prejudice.  Defendants further argue that the Supreme Court has acknowledged that where a party seeking fees was successful on part of its claim, and unsuccessful on another part, the court may award fees, and may calculate an appropriate reduction of the fees awarded without delineating specific time entries.  Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).  Defendants further argue that both the request and recommendation for attorney's fees have been conservatively reduced to reflect the hours spent litigating the issue of validity.

Since the attorney's fees sought have been reduced to reflect the amount of time spent litigating the issue of validity, this factor does not weigh against the award of attorney's fees.

After consideration, the Court **overrules** Plaintiff's objection as to this issue.

E. Award of Fees under Ch. 817.41, Florida Statutes

Plaintiff argues that Defendants did not delineate any breakdown in their fees between the copyright infringement and the misleading advertising claim.

Case No. 8:03-CV-1377-T-17MAP

Defendants were the prevailing parties as to Count I and Count II. Any failure to delineate between the two claims does not change Defendants' status as the prevailing party as to Count II.

After consideration, the Court **overrules** Plaintiff's objection as to this issue.

F. Balance of Factors

Plaintiff requests that the Court , after conducting a <u>de novo</u> review, reject the Report and Recommendation, and deny Defendants' request for attorney's fees.

The Court has overruled Plaintiff's objections to the balancing of the <u>Fogerty</u> factors and other factors in the Report and Recommendation. The balance of the <u>Fogerty</u> factors favors the award of attorney's fees.

G. Evidentiary Hearing

Plaintiff has requested an evidentiary hearing. Plaintiff has had a full opportunity to present Plaintiff's response to Defendants' Motion for Attorney's Fees. Plaintiff did not request an evidentiary hearing before the assigned Magistrate Judge, and the Court is now reviewing Plaintiff's objections to the resolution of the issues in the Report and Recommendation, considering all of the arguments Plaintiff asserted before the Magistrate Judge.

After consideration, the Court finds that an evidentiary hearing is not necessary, and **denies** the request for an evidentiary hearing.

After consideration, the Court **adopts** the Report and Recommendation, and incorporates it herein by reference. Accordingly, it is

11

Case No. 8:03-CV-1377-T-17MAP

**ORDERED** that Plaintiff's objections are **overruled**, and the Report and Recommendation (Dkt. 122) is **adopted and incorporated**.  Defendants' Motion for Attorney's Fees (Dkt. 115) is **granted** in the amount of $604,347.88.


**DONE and ORDERED** in Chambers, in Tampa, Florida on this 20ᵗʰ day of September, 2011.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record